**WO**                                                                                                   JL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ever Antonio Alvarado Coronado, | No.   CV-23-08571-PCT-MTL (ASB) |
| Plaintiff, | |
| v. | **ORDER** |
| Alejandro N. Mayorkas, et al., | |
| Defendants. | |

**I.     Procedural History**

On October 5, 2023, pro se Plaintiff Ever Antonio Alvarado Coronado, who is confined in the United States Penitentiary ("USP")-Lompoc and has been granted leave to proceed in forma pauperis in this case, filed a pro se Complaint, which the Clerk of Court docketed as a civil rights Complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  In a November 13, 2023, Order, the Court dismissed the Complaint with leave to amend because it was not filed on a court-approved form and gave Plaintiff 30 days to file an amended complaint using the court-approved form included with the Order.

On November 14, 2023, Plaintiff filed his First Amended Complaint.  In a November 21, 2023, Order, the Court dismissed the First Amended Complaint with leave to amend because it was not filed on a court-approved form and gave Plaintiff 30 days to file a second amended complaint using the court-approved form included with the Order.

On December 5, 2023, Plaintiff filed a Second Amended Complaint.  In a March 5,

2024, Order, the Court ordered Plaintiff to show cause, in writing, why this case should not be dismissed as barred by the statute of limitations. On March 22, 2024, Plaintiff filed a Response to the Order to Show Cause.

The Court will dismiss the Second Amended Complaint and this case as barred by the statute of limitations.

**II.     Second Amended Complaint**

In his six-count Second Amended Complaint, Plaintiff sues Secretary of the Department of Homeland Security Alejandro N. Mayorkas and Border Patrol Supervisor Nicanor Guridi Reynoso. Plaintiff asserts claims under 28 U.S.C. §§ 2201 and 2202 and 8 U.S.C. § 1357.[1] He seeks declaratory relief and his costs for this case.

Plaintiff designates Count One as claim under the First Amendment for religious and political freedom. Plaintiff alleges that on September 7, 2014, Defendant Reynoso "approached the vehicle" and identified himself. Defendant Reynoso asked Plaintiff if he had any immigration documents to show Plaintiff was legally in or allowed to remain in the United States. Plaintiff claims "[t]his occurred while an unlawful Immigration Inspection was taking place."

Plaintiff designates Count Two as a Fourth Amendment claim for unreasonable search and seizure. Plaintiff alleges that Defendant Reynoso conducted a vehicle stop for immigration purposes despite "having no actual reason" for the stop other than that his route of travel was often used by smugglers because it gave them direct access to Las Vegas, Nevada from Phoenix, Arizona, where "undocumented aliens and illegal contraband are often taken."

---

[1] Plaintiff cites the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, as a basis for the Court's jurisdiction. However, "[t]he Declaratory Judgment Act does not confer jurisdiction," *Allen v. Milas*, 896 F.3d 1094, 1099 (9th Cir. 2018), and the allegations in Plaintiff's Complaint are not sufficient to support the existence of diversity jurisdiction under § 1332, *see Tritschler v. ICE*, No. CV-21-01825-PHX-SMB, 2021 WL 5084281, at *1 (D. Ariz. Nov. 2, 2021) (holding that plaintiffs had failed to adequately plead diversity jurisdiction where they had failed, among other things, to identify the citizenship of defendant Immigration and Customs Enforcement or explained why they believed their damages exceeded $75,000). Plaintiff also cites 8 U.S.C. § 1357, which sets forth powers of immigration officers and employees, but § 1357 does not provide a private cause of action and therefore does not confer jurisdiction on this Court.

Plaintiff designates Count Three as a Fifth Amendment claim for denial of due process and just compensation. Plaintiff alleges that Defendant Reynoso had no legal reason to stop Plaintiff and his family because "the incident occurred beyond the 100 air miles from any border considered to be a reasonable stop."

Plaintiff designates Count Four as a claim for false imprisonment. Plaintiff alleges that Defendant Reynoso falsely imprisoned Plaintiff and his family because Reynoso had no legal reason to stop the driver for an immigration inspection.

Plaintiff designates Count Five as a claim for abuse of process. Plaintiff alleges that Defendant Reynoso conducted an illegal stop without having a legal reason other than "his beliefs to conduct immigration inspections."

Plaintiff designates Count Six as a claim for intentional infliction of emotional distress. Plaintiff alleges that Defendant Reynoso's illegal immigration inspection caused "severe damage" to Plaintiff and his family's "emotional stance" because Reynoso arrested Plaintiff and held him in a cell at Blythe Border Patrol station. Plaintiff asserts that Reynoso did not ask to see a driver's license but only asked for "papers." Plaintiff contends "this is not only wrong morally but it is illegal when it comes to racial profiling," because Defendant Reynoso "observed two occupants inside the vehicle" who were "brown skinned [L]atinos."

According to Court records, Plaintiff was a passenger in a vehicle stopped by immigration authorities on September 6, 2014. *See United States v. Alvarez-Coronado*, 3:14cr08282-PCT-DLR (D. Ariz. 2015), Doc. 23 at 3. In a plea agreement, both the driver and Plaintiff admitted to being illegally in the United States. *Id.*, Doc. 26. Plaintiff was sentenced to time served followed by three years on supervised release. *Id.*

### III. Statute of Limitations

Failure to state a claim includes circumstances where a defense is "complete and obvious from the face of the pleadings." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989). In the absence of waiver, the Court may raise the defense of statute of limitations sua sponte.

*See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (a complaint may be dismissed as time-barred if the running of the statute of limitations is apparent on the face of the complaint).

The applicable statute of limitations in an action under 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). The Arizona statute of limitations for personal injury actions is two years. *See* Ariz. Rev. Stat. § 12-542(1).

Accrual of § 1983 claims is governed by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a claim accrues when the plaintiff "knows or has reason to know of the injury that is the basis of the action." *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998). Thus, to be timely, Plaintiff's claims must have accrued no more than two years before his Complaint was filed on October 5, 2023.

**IV.    Order to Show Cause and Plaintiff's Response**

In the Order to Show Cause, the Court noted that Plaintiff's claims, which were based on the September 7, 2014 immigration stop, appeared to be barred by the statute of limitations. However, in an abundance of caution, the Court permitted Plaintiff an opportunity to show cause why this case should not be dismissed as barred by the statute of limitations.

In his Response to the Order to Show Cause, Plaintiff states that he was arrested and taken into custody on January 10, 2018, and while he awaited trial, he "started working on his past records" in an attempt to "correct his path." Plaintiff asserts that he worked with his previous defense counsel and was "able to drop 2 of his 3 felon[ies]" to misdemeanors. Plaintiff states he "attempted to work on" his 2014 criminal case by contacting the ACLU in Nevada, but ACLU declined to assist Plaintiff because the case was "to[o] small."

Plaintiff states that in June 2023, he "discovered many flaws" in his 2014 criminal case by "learning how to use Lexis Nexus" at USP-Lompoc. Plaintiff asserts that neither he nor his family has any legal knowledge "to have known at the time that their rights had

been violated." Plaintiff contends he filed this case "at a later time because the party seeking it has not exercised the highest degree of diligence in uncovering the fraud." Plaintiff suggests this Court may grant relief against a judgment after fraud is discovered regardless of the term of its entry. Plaintiff also suggests this Court has the inherent power to vacate its own judgment upon proof that a fraud has been perpetrated upon the court. Finally, Plaintiff notes that for purposes of a claim against the government, a claim is "held to accrue when [a] plaintiff learns of injur[ies] and cause, rather than its legal implications."[2]

## V.     Discussion of Statute of Limitations

Plaintiff's unlawful search and seizure claims accrued on September 7, 2014, the date of his arrest, and are untimely. *Belanus v. Clark*, 796 F.3d 1021,1026 (9th Cir. 2015) ("a cause of action for illegal search and seizure accrues when the wrongful act occurs"); *Rollin v. Cook*, 466 F. App'x 665, 667 (9th Cir. 2012) (claims related to illegal search and seizure accrued on the search date). The precise nature of Plaintiff's First Amendment claims is unclear; to the extent his claims are cognizable, they are based on the same immigration stop as his Fourth Amendment claims, and Plaintiff knew or had reason to know of the basis of any First Amendment claim. *Pouncil*, 704 F.3d at 574. Plaintiff's First Amendment claims are therefore barred under the statute of limitations. For the same reasons, Plaintiff's Fifth Amendment claim, if cognizable,[3] is also barred under the statute

---

[2] Plaintiff refers to the Federal Tort Claims Act, but he has not asserted such a claim in the Second Amended Complaint. Accordingly, there is no legal basis for Plaintiff's claims of false imprisonment, abuse of process, and intentional infliction of emotional distress because these claims do not arise under the Constitution, laws, or treaties of the United States and therefore do not convey federal question jurisdiction on this Court, *see* 28 U.S.C. § 1331, and, as noted above, Plaintiff has not asserted diversity jurisdiction.

[3] Plaintiff's Fifth Amendment claim is based on the same governmental conduct as his other constitutional claims. "'[C]ertain wrongs affect more than a single right and, accordingly, can implicate more than one of the Constitution's commands.'" *Ramirez v. Butte-Silver Bow Cnty.*, 298 F.3d 1022, 1029 (9th Cir. 2002) (quoting *Armendariz v. Penman*, 75 F,3d 1311, 1320 (9th Cir. 1996)). "However, the "Supreme Court has held that plaintiffs cannot 'double up' constitutional claims in this way: Where a claim can be analyzed under 'an explicit textual source' of rights in the Constitution, a court may not also assess the claim under another, 'more generalized,' source." *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 394-95 (1989)).

of limitations.

Plaintiff's arguments in the Response to the Order to Show Cause do not alter this conclusion. First, it is irrelevant that Plaintiff did not know the *legal* basis for his claims until 2023. A claim accrues when a plaintiff "'has knowledge of the injury and its cause, and not when the plaintiff has knowledge of legal fault.'" *Tunac v. United States*, 897 F.3d 1197, 1206 (9th Cir. 2018) (quoting *Rosales v. United States*, 824 F.2d 799, 805 (9th Cir. 1987). "As the Supreme Court has made clear, accrual does not wait until the plaintiff has 'reason to suspect or was aware of facts that would have alerted a reasonable person to the possibility that a legal duty to him had been breached.'" *Id.* at 1206-07 (quoting *Winter v. United States*, 244 F.3d 1088, 1090 (9th Cir. 1988). Thus, a cause of action accrues even if "the full extent of the injury is not then known." *Wallace*, 549 U.S. at 391.

Second, Plaintiff's imprisonment, pro se status, and lack of legal knowledge and access to legal resources does not excuse the untimeliness of his claims. *See Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (concluding, in habeas context, that confusion or ignorance of the law does not excuse untimely filing); *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (observing, in habeas corpus context, that "[o]rdinary prison limitations on [the petitioner's] access to the law library and copier . . . were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner"); *Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006) ("[W]e have never accepted pro se representation alone . . . as an excuse for prolonged inattention when a statute's clear policy calls for promptness."); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (observing, in habeas corpus context, that pro se status does not constitute extraordinary circumstances to excuse untimeliness of petition).

Third, Plaintiff refers to proof of "fraud," which he asserts allows a court to grant relief against a judgment or to vacate its own judgment. Plaintiff appears to be referring to Rule 60(b) of the Federal Rules of Civil Procedure, which provides, in part, that a court may relieve a party from a final judgment, order, or proceeding based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing

party)." Fed. R. Civ. P. 60(b)(3). There has been no judgment in this case, and therefore, Rule 60(b) does not apply.

For the foregoing reasons, Plaintiff fails to state a claim in the Second Amended Complaint.

## VI. Dismissal Without Leave to Amend

The Court will dismiss the Second Amended Complaint without leave to amend because it is clear that the deficiencies cannot be cured by amendment, and granting leave to amend would be futile. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (citing *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248-49 (9th Cir. 1995)); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a district court may dismiss without leave to amend when amendment would be futile).

**IT IS ORDERED:**

(1) The Second Amended Complaint (Doc. 11) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and certifies that an appeal would not be taken in good faith for the reasons stated in the Order and because there is no arguable factual or legal basis for an appeal.

Dated this 1st day of April, 2024.

Michael T. Liburdi
United States District Judge